IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT BAZILE, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-2404 |
| CITY OF HOUSTON, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

The plaintiffs, Dwight Bazile, Johnny Garrett, Mundo Olford, Trevin Hines, Dwight Allen, George Runnels, and Thomas Ward are African-American firefighters with the City of Houston Fire Department. They allege that the City of Houston's promotional examinations for the ranks of Captain and Senior Captain were racially discriminatory. The plaintiffs assert causes of action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

The City has moved to modify the scheduling order to allow by February 15, 2010 the filing of a supplemental expert report providing a "criterion validation study" of the examination the City gave to firefighters seeking to be promoted to the rank of Captain. (Docket Entry No. 25). The plaintiffs oppose the scheduling order modification and the filing of the supplemental expert report. (Docket Entry No. 31).

The criterion validation study is relevant to the plaintiff's Title VII disparate impact claims. A defendant violates Title VII by "us[ing] a particular employment that causes a disparate impact on the basis of race" unless it is able to "demonstrate that the challenged practice is job related for the position in question and consistent with business necessity." 42 U.S.C. § 2000e-2. The 1991

amendments to Title VII made clear that it is the employer's burden to show that a challenged practice is job related and consistent with business necessity. *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1526 n. 34. Under Fifth Circuit law, "discriminatory tests are impermissible unless shown, by professionally accepted methods, to be predictive of or significantly correlated with important elements of work behavior that comprise or are relevant to the job or jobs for which candidates are being evaluated." *Bernard v. Gulf Oil Corp.*, 841 F.2d 547, 564 (5th Cir. 1988).

The City concedes that the examination given on January 11, 2006 for those seeking the rank of Captain had a disparate impact on African-American candidates. The City has the burden of showing that the test is job related and consistent with business necessity. The City contends that the content-validation studies already conducted by both parties are not conclusive on those points.[1] The City seeks to introduce the criterion validation study to show, by what it asserts are professionally accepted methods, that the test is predictive of or significantly correlated with important aspects of the Captain position.[2] Criterion validation studies are recognized as helpful by the EEOC, *see* 29 C.F.R. § 1607.14(A), and by the Fifth Circuit, *see Bernard*, 841 F.2d at 564. On the present record, it appears that supplemental expert testimony on the criterion validation issue

---

[1] "To demonstrate the content validity of a selection procedure, a user should show that the behavior(s) demonstrated in the selection procedure are a representative sample of the behavior(s) of the job in question or that the selection procedure provides a representative sample of the work product of the job." 29 C.F.R. § 1607.14(C)(4).

[2] "Criterion related validation is established when there is a significant positive correlation between comparative success on the test (the 'predictor') and comparative success on some measure of job performance. The degree of correlation between test scores and job performance is expressed by a correlation coefficient. The value of the correlation coefficient can range from + 1.0 (employees with the highest test scores always perform better on the job) to -1.0 (employees with the highest test scores always perform worse on the job). A coefficient of zero indicates that there is no correlation between test and job performance." *Bernard*, 841 F.2d at 564.

would be helpful to the fact finder.  *See* FED. R. EVID. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," an expert may testify if other requirements are met).[3]

The remaining issue is whether there is a sufficient basis to modify the scheduling order. Rule 16(b) requires that a party seeking to modify a scheduling order show good cause.  *See* FED. R. CIV. P. 16(b); *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).  To demonstrate "good cause," the movant must show that, despite diligence, he could not have reasonably met the scheduling deadline.  6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE, § 1522.1, at 231 (2d ed.1990).  The City states that it learned of the need for a criterion validation study when it reviewed the report of Dr. Brink, the plaintiffs' expert, with the City's own retained experts.  At that point, sometime after October 16, 2009, it was too late to complete such a study by the time provided in the scheduling order for filing responsive expert reports.  The City began conducting a criteria validation study and provided the plaintiffs with expert reports (without the criterion analysis) on November 30, 2009, the deadline set in the amended scheduling order, (Docket Entry No. 24).  The City filed this motion on the same day.

The record shows that the City has been diligent and that the work required to complete the criterion validation test was too extensive to allow compliance with the scheduling order.  The City has made a showing of good cause to modify the scheduling order.  The motion is granted.  The City

---

[3] The plaintiffs' argument that, under the federal regulations and relevant industry guidance, criterion validation should be conducted before a test is administered is unpersuasive.  Those standards are in place to provide guidance to employers making business decisions, which is why they are written prospectively. They do not have any impact on whether validation analyses are valid when conducted after the fact for litigation purposes.

may file an amended expert report by February 15, 2010. The plaintiffs may file a responsive report by March 15, 2010. The following dates in the scheduling order are also modified: (1) discovery must be completed by April 23, 2010; (2) the pretrial motions deadline is May 21, 2010; (3) the joint pretrial order and motion in limine deadline is July 23, 2010; (4) docket call is set for **July 30, 2010 at 2:00 p.m.** in Courtroom 11-B, United States Courthouse, 515 Rusk Street, Houston, Texas.

      SIGNED on January 15, 2010, at Houston, Texas.

                                  Lee H. Rosenthal
                            United States District Judge