IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT BAZILE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2404 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**ORDER ON DISPUTED ISSUES REGARDING
NOVEMBER 2010 CAPTAIN'S EXAMINATION**

The plaintiffs, Dwight Bazile, Johnny Garrett, Mundo Olford, Trevin Hines, Dwight Allen, George Runnels, and Thomas Ward, sued the City of Houston under Title VII, 42 U.S.C. § 2000e(2)-(k), and 42 U.S.C. § 1983 and § 1981. The City and the plaintiffs mediated the case in March 2010 and reached a settlement agreement for resolving the individual claims as well as changes to the Houston Fire Department ("HPD") promotional examination system for the ranks of Captain and Senior Captain in the suppression division.

The City and the plaintiffs filed: (1) a joint advisory with this court advising of their agreed settlement and the City's intent to move forward with a new promotional examination process for the HPD, (Docket Entry No. 64); (2) a joint advisory reflecting continued negotiations with the Houston Professional Fire Fighters Association ("HPFFA") based on its interest in the litigation under the Texas Local Government Code, Chapter 143, and the Collective Bargaining Agreement ("CBA"), (Docket Entry No. 66); and (3) a motion for leave to join the HPFFA, which this court granted. (Docket Entry Nos. 69 and 70).

On September 16, 2010, this court held an evidentiary hearing on the parties' disputes over

the November 2010 Captain's examination. Based on the pleadings, the record, the parties' submissions, the arguments of counsel, and the applicable law, this court ORDERS that the City may proceed with implementing the mediated settlement agreement on the November 2010 Captain's promotional examination, with the changes and guidelines set out below:

1. The Captain's promotional examination may include situational-judgment questions in addition to job-knowledge questions. The inclusion of situational-judgment questions is necessary to reduce the likelihood of adverse impact. The evidence shows that using only job-knowledge questions drawn from published source materials does not adequately sample the relevant job domain for the rank of Captain and does not demonstrate a sufficient potential to minimize adverse impact. The continued exclusive use of questions based on "fact" and "information" as stated in Local Government Code § 143.032(d) is likely to continue to result in adverse impact. The inclusion of situational-judgment questions, as proposed for the Captain exam, has the potential to reduce adverse impact. Including the situational-judgment questions in the examination appropriately balances the Texas Local Government Code, Chapter 143, the CBA, and federal law.

2. The City may use internal subject-matter experts (SMEs) to prepare the job analysis required for the situational-judgment questions on the examination.

3. External SMEs are to develop the critical incidents, items, item responses, and the actual test.

4. Internal SMEs will perform an audit during and after the administration of the examination to verify the direct job correlation to the job analysis.

5. Different security-agreement language will apply to the internal SMEs (Exhibit A) and external SMEs (Exhibit B).

6. To obtain final scores for the eligible candidates' examinations, Dr. David Morris and/or Dr. Kathleen Lundquist, expert testing consultants for the City; Dr. Winfred Arthur, expert for the Association; and Dr. Kyle Brink, expert for the plaintiffs, will convene as a panel of experts to review the situational-judgment and multiple-choice job-knowledge test items and to review the results of the item analysis for the situational-judgment questions promptly after the examinations have been administered and the raw scores compiled. This review process is to be completed within 14 days after the examinations are administered. The scores will be finalized after this review process, based on both the job-knowledge items results and the situational-judgment item analysis evaluation. The candidates will be able to participate in the appeal process for individual test items for both the multiple-choice job knowledge and situational-judgment test items, under Texas Local Government Code § 143.034. The item analysis evaluation of the testing consultants will be provided to the Civil Service Commission, which will certify the final examination results.

7. The City will make the result of the job analysis, specifically, the major work behaviors and task statements, along with the associated knowledge, skills, and abilities, available to the eligible candidates as soon as it is completed by the City's testing consultants. The City will post this information as a supplement to the source-material list. This information should describe the knowledge, skills, and abilities that will be assessed by the situational-judgment test questions, providing the functional equivalent of compliance with TLGC § 143.032(d) and (e).

8. The City will post examples of situational-judgment test items that are related to the HFD job analysis, sufficient to provide a representative sample of the types of questions that will be asked on the November 2010 Captain's test.

9. Any remaining disputed or unresolved issue, including when and how the weight to be given to the different parts of the examination will be determined and posted, will be resolved by this court.

SIGNED on September 24, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judg