IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT BAZILE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2404 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

This Title VII disparate-impact suit challenges the City of Houston's system for promoting firefighters to the positions of captain and senior captain. Seven black firefighters sued the City, alleging that the promotional exams for the captain and senior-captain positions were racially discriminatory, in violation of the Fourteenth Amendment, 42 U.S.C. § 1981, and Title VII. After mediation, the City and the seven firefighters reached a settlement that included a proposed consent decree. The Houston Professional Fire Fighters Association ("HPFFA") intervened in the lawsuit and objected because the proposed consent decree changed the promotional exams in ways inconsistent with the Texas Local Government Code and the collective-bargaining agreement between the City and the HPFFA.

On February 6, 2012, after an evidentiary hearing, this court entered a memorandum and opinion accepting in part and rejecting in part the proposed consent decree. The court found that the City and the seven firefighters showed that the captain and senior-captain exams violated Title VII and that some aspects of the proposed consent decree—including the use of situational-judgment questions and an assessment center—were justified by the record evidence and were job-related and

consistent with business necessity. But the court also found that the City and the plaintiffs did not show that other parts of the proposed consent decree were tailored to respond to the disparate impact alleged. One part of the proposed consent decree that was rejected called for grading the job-knowledge component of the promotional exams pass/fail. This court found that though the record showed "that exclusive use of a multiple-choice job-knowledge test is linked to disparate impact," the record did not show "that reducing the job-knowledge test to one part of the promotion exam and grading it pass/fail—and making it otherwise irrelevant to the promotion decision—are steps tailored to the disparate impact remedy." (Docket Entry No. 137, at 97.)

The City and the plaintiffs have filed a motion to alter or amend this court's February 6, 2012 memorandum and opinion. (Docket Entry No. 145.) Citing a study recently published by Lievens and Patterson,[1] the City and the plaintiffs argue that because the promotion exam will include both a situational-judgment component and an assessment-center component, the job-knowledge component "add[s] no value with respect to incremental validity or predicting job performance." (*Id.* at 5.) The City and the plaintiffs acknowledge that adding either a situational-judgment component or an assessment-center component to a preexisting job-knowledge test increases the test's validity, that is, its ability to predict job performance. (*Id.* at 4–5.) But, they argue, the job-knowledge component "is of little value as [a] weighted test component when used in conjunction with" situational-judgment and assessment-center components. The City and the plaintiffs urge that the job-knowledge component of the captain and senior-captain exams "should proceed as pass/fail in the overall testing process." (*Id.* at 6.) Based on the Lievens and Patterson study, the City and

---

[1] Filip Lievens & Fiona Patterson, *The Validity and Incremental Validity of Knowledge Tests, Low-Fidelity Simulations, and High-Fidelity Simulations for Predicting Job Performance in Advanced-Level High-Stakes Selection*, 96 J. APPLIED PSYCHOL. 927 (2011).

the plaintiffs ask this court to reconsider its finding that grading the job-knowledge component of the promotion exams pass/fail is not sufficiently tailored to the disparate-impact remedy.

The HPFFA opposes the motion to alter or amend. The HPFFA argues that "[t]he Movants have not presented any new evidence or new law that should cause the Court to depart from its previous finding that making the [job-knowledge] test pass/fail is not required to remedy any alleged wrongs." (Docket Entry No. 146, at 3.) The HPFFA also argues that the City and the plaintiffs have misinterpreted the Lievens and Patterson study. The HPFFA has submitted an affidavit from its expert from the evidentiary hearing, Dr. Winfred Arthur, Jr. In his affidavit, Dr. Arthur states that the Lievens and Patterson study confirms that job-knowledge tests are valid predictors of job performance; that the study does not support the conclusion that a job-knowledge component is redundant when an exam includes both situational-judgment and assessment-center components; and that if any test component should be eliminated, it should be the assessment-center because the study shows it contributes the least to predicting job performance as compared to the other two components. (Docket Entry No. 146-1, at 12–14.)

The court heard oral argument on the reconsideration motion. After carefully considering the motion and response, the parties' submissions, and counsels' arguments, the court denies the motion to alter or amend.

In the February 6, 2012 memorandum and opinion, the court rejected that part of the proposed consent decree calling for grading the job-knowledge component of the captain and senior-captain promotion exams pass/fail. The basis for that ruling was the City's and plaintiffs' failure to show that grading the job-knowledge component pass/fail was tailored to respond to the disparate impact they had alleged. In their motion to alter or amend, the City and the plaintiffs do not address

3

the court's basis for that ruling. Instead, they argue, based on the Lievens and Patterson study, that when an exam includes both situational-judgment and assessment-center components, a job-knowledge component is redundant because it does not increase the exam's validity.

The record is insufficient to support the conclusion that the job-knowledge component of the exam is meaningless or that grading this component pass/fail is tailored to remedy the disparate impact the record shows. The only addition to the record is the Lievens and Patterson study. It does not provide an adequate basis to amend or alter this court's earlier findings and conclusions. The Lievens and Patterson study recognized that "[m]eta-analytic research . . . documents that [job-knowledge] tests are among the best predictors for training and job performance" and confirmed this observation. (Docket Entry No. 145-1, at 30.) In addition, the motion to alter or amend and the Lievens and Patterson study do not address whether grading the job-knowledge component of the captain and senior-captain exams pass/fail and making it otherwise irrelevant to the exam results is tailored to the disparate-impact remedy. Instead, the motion to alter or amend is limited to arguing that this one study shows that the promotional exam will have an enhanced ability to predict job performance if it is revised to reduce the role of the job-knowledge component. This change, which is inconsistent with both state law and the collective-bargaining agreement, is not shown to be tailored to what is needed to address the disparate impact the record revealed.

The City and plaintiffs argue as if this court was designing the promotional exams on a blank slate. The argument does not acknowledge the limits imposed by the law. The change the City and the plaintiffs propose goes beyond what is necessary to address the disparate impact shown and therefore goes beyond what the law allows as a remedy.

4

The motion to alter or amend, (Docket Entry No. 145), is denied.

SIGNED on May 29, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge