**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DWIGHT BAZILE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2404 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**PARTIAL FINAL JUDGMENT**

1.  This action was brought by the Plaintiffs, Dwight Bazile, Johnny Garrett, Mundo Olford, Trevin Hines, Dwight Allen, George Runnels, Thomas Ward, and Ramon Campbell, against the defendant, the City of Houston (the "City"), for alleged violations of Title VII, 42 U.S.C. 2000e-2, for disparate treatment and disparate impact; violations of the Equal Protection Clause of the United States Constitution under 42 U.S.C. 1983; and race discrimination under 42 U.S.C. 1981. On June 28, 2010, the Houston Professional Firefighters Association ("HPFFA") was joined in this litigation. Campbell has asserted additional claims.

2.  This document constitutes a partial final judgment binding on all parties to this action; this partial final judgment does not resolve the dispute between Ramon Campbell and the City of Houston.

3.  On November 12, 2008, the trial court granted in part the City's Motion To Dismiss and dismissed the Plaintiffs' race discrimination claims under 28 U.S.C. § 1981 against the City. (Docket Entry No. 7).

4. On January 27, 2011, the court signed an Order on Interlocutory Judgment for Partial Entry of the Settlement Agreement and Partial Motion to Dismiss. The Plaintiffs' claims, with the exception of those asserted by Ramon Campbell, were dismissed under Paragraph 80 (42 U.S.C. §1981), Paragraph 77 (42 U.S.C. 2000e-2(e)), and Paragraph 78 (42 U.S.C. §1983), with prejudice. (Docket Entry No. 124).

Based on the parties' filings, the evidence, the arguments of counsel, and the applicable law and with the parties' consent, this court orders as follows:

5. Except as this court made rulings and issued orders to resolve the objections filed by the HPFFA to the proposed Consent Decree between the City and the Plaintiffs, this Partial Final Judgment, entered with the agreement of the parties, is not an adjudication or finding on the merits of the case. Nor is this Partial Final Judgment to be construed as an admission by the City or a finding of any wrongdoing or violation of any applicable federal or state law or regulation.

6. The three (3) testing components for the Captain and Senior Captain beginning with the 2012 promotional exams will consist of the following: 1) situational judgment test; 2) job knowledge test; and 3) assessment centers. (Docket Entry No. 137).

7. For the 2013 Captain and Senior Captain exams, the situational judgment component will be administered in writing. The City may move to use the scenario-based computer-objective format for the situational judgment component for future exams for both ranks.

8. The City has the authority to use and select industrial-organizational psychology testing consultants of its choice, including internal consultants employed by the City, in developing the promotional exams for Captain and Senior Captain.

9.     The City and the HPFFA reached an agreement to amend the Collective Bargaining Agreement for Article 11-Promotions that addresses the following for the promotional testing process for the ranks of Captain and Senior Captain: Vacancies, Notice (to include test guides and samples for Captain/Senior Captain), Exam Development Process, Captain/Senior Captain Promotions (which include all test components as outlined in ¶6 above), composite scoring, procedure for assessment centers, Appeal Review Procedures, and Supplemental Points. Some of these categories incorporate various aspects of the court's rulings made during the course of this litigation.

10.    Based on credible evidence within the record, the weighting for each component of the promotional examination process will be in the form of unit weighting for 2013 Captain and Senior Captain promotional examinations ordered by this court as follows: Job Knowledge–33 1/3%; Situational Judgment–33 1/3%; and Assessment Center–33 1/3%, for a total of 100%.

11.    Nothing in this Partial Final Judgment will be construed to prevent the Parties, individually or jointly, from returning to this court or to collective bargaining to address any issues related to disparate impact or other requirements of Title VII or the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. Part 1607 (2000).

12.    The provisions of this Partial Final Judgment supersede any conflicting provisions of the Fire and Police Civil Service Act, Texas Local Government Code Chapter 143, and the existing Collective Bargaining Agreement between the City of Houston, Texas and Houston Professional Fire Fighters Association, Local 341, effective June 29, 2011, and any amendments thereto.

13.    The revised promotional process does not reserve any future promotions for anyone, including minorities, nor does it guarantee equality of outcome for future promotional opportunities

for the ranks of Captain and Senior Captain. The new promotional process is designed to provide a fairer opportunity for minorities to compete for promotions in the future. The Partial Final Judgment represents a compromise and is reasonable to the interests of all parties.

14. This case and all of the plaintiffs' claims, except for those advanced by Campbell, are dismissed with prejudice and resolved as set forth herein. This Partial Final Judgment incorporates all other opinions issued by the court during the pendency of this litigation, subject to the parties' rights of appeal and to any remand proceedings required by an appellate court. In the event of any subsequent dispute among the parties as to any of the matters resolved by this Partial Final Judgment, this case will upon motion be reinstated on this court's docket as an active case, until such matters are resolved.

15. This court will retain jurisdiction over this matter for the purpose and enforcement of this Order.

This court, having considered efficiency and fairness, the equities, and whether any hardship or injustice will result, determines under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason to delay entering final judgment as to the Plaintiffs' claims, except for those advanced by Campbell, which will be separately addressed. This court therefore directs entry of this partial final judgment.

SIGNED on January 2, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge