IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT BAZILE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2404 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a Title VII disparate-impact suit challenging the City of Houston's system for promoting firefighters to the positions of captain and senior captain. Seven black firefighters sued the City, alleging that the promotional exams for the captain and senior-captain positions were racially discriminatory, in violation of the Fourteenth Amendment, 42 U.S.C. § 1981, and Title VII. After mediation, the City and the seven firefighters reached a settlement that included a proposed consent decree. The Houston Professional Fire Fighters Association ("HPFFA") intervened in the lawsuit and objected because the proposed consent decree changed the promotional exams in ways inconsistent with the Texas Local Government Code and the collective-bargaining agreement between the City and the HPFFA.

On February 6, 2012, after an evidentiary hearing, this court entered a memorandum and opinion accepting in part and rejecting in part the proposed consent decree. The court found that the City and the seven firefighters showed that the captain and senior-captain exams violated equal protection and Title VII and that some aspects of the proposed consent decree — including the use

of situational-judgment questions and an assessment center — were justified by the record evidence and were job-related and consistent with business necessity.

In May 2012, Ramon Campbell, an eighth black firefighter, was joined as a plaintiff in this suit. Campbell passed the fall 2010 HFD Captain examination and was ranked 63 on the HFD's preliminary rank order promotional list. After the appeals period ended and the Civil Service Commission (CSC) certified the exam scores, Campbell's rank fell to 92 on the promotional list. Firefighters holding the top 71 positions were promoted before the list expired on November 16, 2012. Campbell was not promoted because he was ranked below 71. Campbell alleged that the HPD's failure to promote him was the result of discrimination, unlawful disparate impact, and a lack of due process. (Docket Entry Nos. 147, ¶¶ 109, 112 and 114; 151, ¶¶ 109, 112, and 114).

On December 6, 2012, the City and Campbell agreed to settle his claims. After the next senior captain promotion exam is administered, 29 additional firefighters will be promoted to captain, bringing to 100 the total number promoted to captain. Because Campbell's rank is in the top 100, he will be promoted. Although Campbell's promotion will not be effective until after the 2013 senior captain promotional exam, the City's proposed settlement would provide Campbell with back pay and pension contributions as though his promotion had been effective during the previous round of captain promotions. (Docket Entry No. 173).

On December 21, 2012, the plaintiffs and the City submitted a proposed final judgment covering all the plaintiffs' claims. (Docket Entry No. 169). The HPFFA objected to certain provisions, including those relating to the City's settlement with Campbell. (Docket Entry No. 170). The court entered a partial final judgment on the original plaintiffs' claims and ordered the City and Ramon Campbell to disclose to the court and the HPFFA relevant terms of their proposed settlement.

The HPFFA was also ordered to supplement its response to the proposed final judgment to address its objections to Campbell's settlement with the City. The HPFFA was specifically asked to address how the proposed settlement affects its rights and interests and why it has the right to have its objections to that settlement heard and resolved. It was given the opportunity to provide or point to any evidence, including relevant provisions of its collective bargaining agreement, supporting its right to object to the proposed settlement and to provide citations to any relevant case law. (Docket Entry No. 172).

The HPFFA objects to the settlement on the basis that Campbell has not pointed to any evidence that the appeal and certification process was racially discriminatory or disparately impacted African American firefighters. (Docket Entry No. 176, ¶ 10). The HPFFA also contends that it has an interest in Campbell's settlement with the City because of its role in resolving its member labor disputes, conditions of employment, and other grievances. It points to sections of its collective bargaining agreement with the City concerning compensation, hours, and testing. The HPFFA also points to this court's orders and the Texas Local Government Code's provisions on the promotion process.

The HPFFA's objections to the City's proposed settlement agreement with Campbell are denied. The City's proposed settlement agreement with Campbell resolves his individual claims by providing him with monetary relief. The settlement agreement does not affect the timing of Campbell's promotion or delay the promotions of other firefighters. The agreement does not alter the terms of the HPFFA's collective bargaining agreement with the City or operate in a manner that is inconsistent with any federal or state laws. Despite this court's previous order, the HPFFA has

not provided the court with citations to any cases showing that it has a right to object to a settlement agreement that, like this one, provides limited monetary relief to an individual litigant.

Final judgment will be entered by separate order.

SIGNED on March 28, 2013, at Houston, Texas.

                                            Lee H. Rosenthal
                                        United States District Judge