IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT BAZILE, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-2404 |
| CITY OF HOUSTON, | § § | |
| Defendant. | § § | |

**ORDER**

This action was brought by City of Houston firefighters alleging racial discrimination in promotion examinations. The plaintiffs, Dwight Bazile, Johnny Garrett, Mundo Olford, Trevin Hines, Dwight Allen, George Runnels, Thomas Ward, and Ramon Campbell, sued the City of Houston, asserting violations of Title VII, 42 U.S.C. § 2000e-2, disparate treatment and disparate impact; violations of the Equal Protection Clause of the United States Constitution under 42 U.S.C. § 1983; and race discrimination under 42 U.S.C. § 1981. The City and the plaintiffs settled, but the Union objected vigorously to certain aspects of the proposed resolution. After extended proceedings, in January 2013, this court entered a partial judgment binding on all parties. After the remaining issues (the dispute between Ramon Campbell and the City of Houston) were resolved, on March 28, 2013, this court entered final judgment, closed the case, and retained jurisdiction to enforce the injunction and judgment. On August 9, 2013, plaintiffs' counsel moved for interim fees (Docket Entry No. 183) and costs (Docket Entry No. 185).[1] Counsel seeks $91,412.75 in interim

---

[1] Docket Entry No. 185 submitted an amended bill of costs which superceded the original bill of costs, Docket Entry No. 184. The motion based on the original bill of costs is dismissed as moot.

attorneys' fees and $44,992.39 in costs. Those motions are unopposed. For the reasons that follow, the court grants the motions.

Plaintiffs' counsel identify the fees they seek as interim fees, "not intended to be a final attorney fee." (Docket Entry No. 183 at 5.) The court has entered a final judgment that stated "[i]n the event of any subsequent dispute among the parties as to any of the matters resolved by this final judgment, this case will upon motion be reinstated on this court's docket as an active case, until such matters are resolved." (Docket Entry No. 180.) The court "retain[ed] jurisdiction over this matter" to enforce the order. (*Id.*) Plaintiffs' counsel argue that "some issues may undoubtedly arise" as the Senior Captain test and promotional examinations are administered years into the future. (Docket Entry No. 183 at 5). No such issues have been brought to the court's attention. The motion for fees is not for interim fees as this court understands that term.[2]

A prevailing civil-rights plaintiff is entitled to attorneys' fees. 42 U.S.C. §§ 1988(b), 2000e–5. "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim [and] must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent degree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *see Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002) ("To qualify as a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship of the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the

---

[2] "[I]n an appropriate case interim attorney's fees may be awarded." *Allen v. Louisiana State Bd. of Dentistry*, 948 F.2d 946, 947 (5th Cir. 1991). As early as 1977, the Fifth Circuit awarded interim fees in Title VII cases. *See, e.g.*, *James v. Stockam Valves & Fittings Co.*, 559 F.2d 310 (5th Cir. 1977), *cert. denied*, 434 U.S. 1034 (1978); *see also*, *Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 633 (5th Cir. 1983)). Here, however, the court has entered final judgment, additional fees are possible but far from certain.

judgment or settlement."). The settlement agreement for the original settling plaintiffs in this case provided as follows:

> The Parties agree that future attorneys' fees for Dennis Thompson, Christy Bishop and any expert fees associated with future work regarding this litigation, including but not limited to the development or implementation of the new promotional examination.

(Docket Entry No. 183 at 1). The remaining plaintiff settled in June 2013 under a settlement agreement that stated:

> The Parties agree they will work together to establish fair and equitable attorneys fees for the Plaintiff, The Parties will advise the Court of any agreement or request a ruling on same. If there are dispute as to fees, the Parties will submit the issue to the Court for a ruling and a ruling. It is the Parties intent that this part of the settlement shall not delay the contemplated remedy to the Plaintiff.

(Docket Entry No. 182 at 2 (errors in original)). Plaintiffs' counsel maintain that their fee submission is reasonable under those two agreements. The defendant has not objected. Based on the final judgment and these settlement agreements, the plaintiffs are prevailing parties entitled to fees.

Courts apply a well-established two-step process to calculate attorneys' fee awards. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). In so doing, the court considers whether the attorneys demonstrated adequate billing judgment by writing "off unproductive, excessive of redundant hours." *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Second, the court considers whether the circumstances of the particular case warrant an upward or downward lodestar adjustment. *Migis*, 135 F.3d at 1047. In making any lodestar adjustment, the court looks to twelve *Johnson* factors: "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* At least twice, the Supreme Court has "made clear that 'the most critical factor' in determining the reasonableness of a fee award in a civil rights suit 'is the degree of success obtained.'" *Id.* (citing *Farrar v. Hobby*, 506 U.S. 103 (1992); *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). When, as here, the fees are uncontested, the court should still consider the *Johnson* factors and independently examine the reasonableness of the fee. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010); *see also Williams v. Bally's Louisiana, Inc.*, No 5-5020 (LMA), 2007 WL 2042443 (E.D. La. July 12, 2007).

Dennis R. Thompson, lead counsel, stated in his affidavit that his hourly rate is $425 per hour, that his cocounsel's hourly rate is $400 per hour, and that his paralegal's hourly rate is $65.00 per hour. "When an attorney's customary billing rate is the rate at which the attorney requests the

4

lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is prima facie reasonable." *Louisiana Power & Light*, 50 F.3d at 328 (citing *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990); *Islamic Ctr. v. City of Starkville*, 876 F.2d 465, 468 (5thc Cir. 1989)).

Thompson's affidavit lists the many successes that he and his cocounsel have obtained, including successful trial and appellate work in federal and state courts across the country.  He states that the billing rates are "commensurate with the rates charged by similar specialists and trial attorneys in the market area with similar experience."  (Docket Entry No. 183-1 at 4, ¶ 14.)  A review of the case law reveals the following information about fees for cases litigated in Texas:

> [i]n other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners. *E.g.*, *Champion v. ADT Sec. Servs., Inc.*, No. 2:08-CV-417 (TJW), 2010 WL 4736908, at *8-9 (E.D. Tex. Nov. 16, 2010) (finding that $350 for partner-level work is reasonable given that the hourly rates for partners in the Eastern District of Texas range from $250 per hour to $450 per hour "for certain premium work"); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779 (S.D.Tex. 2009) (finding that rates of $510 per hour for a partner specializing in intellectual property law and $220 to $300 per hour for associates are reasonable); *cf., e.g., Ranger Steel Servs., LP v. Orleans Materials & Equipment*, No. 10-112, 2010 WL 3488236, at *1 (E.D. La. Aug. 27, 2010) (finding hourly rates of $395 for partners are reasonable); *Hornbeck Offshore Servs., L.L.C. v. Salazar*, No. 10-1663, 2011 WL 2214765, at *2 (E.D. La. June 1, 2011) (finding hourly rates of $295 to $420 for partners and $180 to $195 for associates "are at the high end of rates," but finding that an hourly rate of $450 reasonable for a partner with specialized qualifications).

*Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-CV-1556-B (JJB), 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011).  Recently, the Fifth Circuit affirmed rates of $577.50, $542.50, and $280 per hour as reasonable in an ADEA case that resulted in a substantial jury verdict for plaintiffs. *See Miller v. Raytheon Co.*, 716 F.3d 128 (5th Cir. 2013).  As noted, the defendant does not contest the

hourly rates Thompson submitted. Thompson has established that these hourly rates are reasonable, given the complexity of the issues involved and the experience and expertise of the lawyers.

Thompson has provided the court with a detailed 9-page spreadsheet accounting for the time he (212.35 hours), his cocounsel (2 hours), and his paralegal (5.6 hours) spent on this matter. The defendant does not argue that these submissions are unreasonable. Thompson and his legal team have submitted fees based on a total of 219.95 hours of work over the course of more than three and a half years. Given the number of parties, the complex and substantial issues, the added complication of the Union's objection, and the results reached, the court concludes that the submitted hours are reasonable.

The court accepts Thompson's fee submissions as both sufficiently detailed and as showing a reasonable number of hours expended at reasonable hourly rates. The court has relied upon the *Johnson* factors, the statute, and its experience with this type of case in determining the reasonableness of the fees. Thompson's firm is small; this three-person team is the firm. Given its size and specialized practice, the firm can take only a few cases at a time and relies on those cases for the firm's ongoing viability. There is "a strong presumption that the lodestar award is the reasonable fee." *Heidtman v. Cnty of El Paso*, 171 F.3d 1038, 1045 (5th Cir. 1999) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The facts of this case do not warrant an upward or downward departure. The court awards $91,412.75.

Thompson also seeks $44,992.39 in costs, consisting of a $350 filing fee, $119.60 for making copies, $18.12 for docketing fees, $40,787.67 in court-appointed expert compensation, and $3,717 in documented traveling expenses. The defendant has not objected to these costs. The Civil Rights Act of 1991 allows an award of expert fees as taxable costs, and both Title VII and 42 U.S.C. § 1988

allow a court to tax expert fees as costs. *See* 42 U.S.C. §§ 1988, 2000e-5(k). The court concludes that these costs were reasonable and necessary.

For the foregoing reasons, the motions for fees (Docket Entry No. 183) and costs (Docket Entry No. 185) are granted.[3] The City must pay the fees and costs no later than **December 22, 2013.**

SIGNED on October 25, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[3] Docket Entry Number 184 is dismissed as moot.